B2030 (Form 2030) (12/25)

# United States Bankruptcy Court

_____ District Of ___New Jersey___

**In re**

Tiele Nicole Holts

Case No. __26-18071-ABA___

**Debtor**

Chapter __7_____

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 2,162.00_____

   Prior to the filing of this statement I have received. . . . . . . . . . . . . . . . . . . . . . $ 162.00_____

   Balance Due . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $2,000.00_____

2. The source of the compensation paid to me was:

   [X] Debtor          [ ] Other (specify)

3. The source of compensation to be paid to me is:

   [X] Debtor          [ ] Other (specify)

4. [X] I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   [ ] I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. Subject to any applicable local rule or court order, in return for the above-disclosed fee, I have agreed to render legal service for the following aspects of the bankruptcy case, except as excluded in Section 6:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

B2030 (Form 2030) (12/25)

d. ~~Representation of the debtor in adversary proceedings and other contested bankruptcy matters;~~

e. [List other services that counsel has agreed to provide]

Counsel and the debtor entered into a bifurcated fee arrangement of two written agreements: a pre-petition agreement covering the work required to prepare and file the petition, and a post-petition agreement, signed after the petition date, covering the work required to complete the case. The services above are allocated between those agreements as follows, and the following additional services are included in the above-disclosed fee.

Under the pre-petition agreement: initial consultation and case analysis; review of the debtor's financial documents and credit report; pre-filing due diligence, legal analysis, and advice, including advice about whether and when to file; preparation of the voluntary petition, statement about social security numbers, list of creditors, and pre-filing credit counseling certificate; and filing the petition with the Court.

Under the post-petition agreement: preparing and filing the statement of financial affairs, schedules, and means test forms; a second signing appointment to review and sign the statements and schedules; preparing for and attending the meeting of creditors under 11 U.S.C. 341 and any continued meeting; case administration, monitoring, and communication with the debtor; responding to trustee requests and turnover demands; noticing the debtor's employer to stop garnishments; recovery of any recoverable pre-petition garnishment, which may be applied to attorney fees; reviewing and advising on motions for stay relief, redemptions (including motions to redeem), and reaffirmation agreements, including drafting or negotiating a reaffirmation agreement and attending any related hearing; reviewing and advising on creditor violations, examinations under Rule 2004 (including attendance), and any audit by the U.S. Trustee; preparing and filing claims or objections to claims when appropriate; lien avoidance review; amendments to the statements and schedules; a motion to reinstate the case if dismissed; and review of Court notices and orders through entry of the discharge order, together with any legal service required by the local rules.

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services:

a. Representation in adversary proceedings, dischargeability actions, other contested bankruptcy matters, or appeals, whether filed by or against the debtor.

b. Representation in municipal, county, state court, motor vehicle, or other local jurisdiction matters; tax or accounting matters; or efforts to discharge student loans.

c. Pursuing creditors for violations of the automatic stay, the discharge injunction, or the Fair Credit Reporting Act.

d. Representation in any case converted to, or newly filed under, another chapter of the Bankruptcy Code, which would require a separate fee agreement.

Except as stated above, no service listed in Section 5 is excluded from the above-disclosed fee. If an excluded matter arises, the debtor must retain counsel under a separate fee agreement, which may require additional attorney fees.

*Further disclosure of the compensation arrangement (continuation of Section 5.e.):*

Fee and payment. Counsel offered the debtor two options: (1) pre-pay the fee in full before filing, at $2,500.00 including the filing fee; or (2) bifurcate the services so that the post-petition work may be paid over time. The debtor chose the second option, paying a pre-petition flat fee of $500.00 (which includes the $338.00 filing fee) and the $2,000.00 balance in 20 equal bi-weekly installments of $100.00 beginning August 14, 2026. The total amount payable is the same under either option; the debtor pays no interest, financing charge, or other additional cost for electing to bifurcate. The pre-petition payment was credited first to the filing fee, second to the value of the pre-filing work ($162.00, shown in Section 1 as received), and third to the post-petition fee; any unpaid value of counsel's pre-filing work is waived. Because the post-petition agreement was signed after the petition date, the debtor's obligation under it is not subject to the discharge. All filing fees are paid before any attorney fees.

Financing and servicing. Counsel has a recourse line of credit from Invoygo, LLC, secured by a lien on counsel's accounts receivable including the balance due above; Invoygo services and collects the installments as counsel's agent. Counsel absorbs a fee equal to 18% of the balance due and owes that fee, and repayment of any advance, whether or not the debtor pays. That cost is borne by counsel and is not added to the debtor's fee. No lawyer in the firm has a financial interest in Invoygo, and Invoygo does not direct the representation; because the obligation is full recourse to counsel, the arrangement is not sharing of compensation under 11 U.S.C. 504. The debtor gave informed written consent to the bifurcation, the limited scope of the pre-petition agreement, the Invoygo lien and servicing, the limited sharing of information with Invoygo, and the related conflicts of interest.

---

CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

August 11, 2026

_____
*Date*

/s/ Michael I. Assad
_____
*Signature of Attorney*

Law Office of Mike Assad, P.C.
_____
*Name of law firm*